WHITEHALL v. CONNER.

CONVEYANCE.— *Warranty by Separate Instrument.—Guaranty.*—Where, in addition to his deed conveying real estate, the grantor also executes to the grantee a separate instrument, agreeing therein, that if the realty so conveyed is not worth a sum equal to the consideration expressed in such deed, he " will make it worth " such sum, such instrument constitutes, not a guaranty, but, a warranty of the value of such realty.

SAME.—*Breach.*—If such instrument be executed upon the same consideration as such deed, the grantor will be liable for a breach thereof.

SAME.—*Evidence.—Practice.*—Upon the trial of an action upon such warranty, for a breach thereof, where the defence relied upon is, that it was executed without consideration, after the completion of such sale and not as part of the transaction, and the defendant so testifies, the plaintiff may then introduce evidence of declarations of the defendant, made to the plaintiff prior to such sale, as to the value of the land conveyed by him, and of his intention to execute such warranty.

SUPREME COURT.—*Practice.*—*Weight of Evidence.*—The Supreme Court, on appeal, will not disturb the finding or verdict below, upon the mere weight of evidence.

From the Warren Circuit Court.

*W. H. Mallory* and *J. McCabe,* for appellant.

*R. W. Claypool* and *H. M. Billings,* for appellee.

PERKINS, J.—Suit upon the following instrument:

" This is to certify that A. L. Whitehall, party of the first part, and William Conner, party of the second part, all of Fountain county, State of Indiana,—the said A. L. Whitehall will make said Conner safe in the sum of four hundred and fifty dollars in a deed of land conveyed by him and others to said Conner, said land being and lying in the county of Adair and State of Iowa. In case said land is not, at this time, worth the above named sum, the said A. L. Whitehall will make it worth the above named sum.　　　A. L. WHITEHALL."

" March 24th, 1858."

The complaint alleges, " that, on the 24th day of March, 1858, the appellee, Conner, purchased of the appellant, Whitehall, for the sum of four hundred and fifty dollars, the south half of the south-west quarter of section twelve, township seventy-four, range thirty-two, in Adair county, Iowa; that appellant caused said land to be conveyed to the appellee, by deed from himself and others; that appellee was ignorant of the quality and value of the land; that appellant, to induce the appellee to purchase it, contracted with him, that if the land was not, at that time, worth four hundred and fifty dollars, he would make it worth that sum to him, and gave him the written instrument sued on, as evidence of said contract, a copy of which contract is made part hereof; that appellee relied upon and was induced by said contract to purchase the land; and he avers that the land was not worth four hundred and fifty dollars, and not more than one hundred dollars; that appellant has not, although often requested

so to do, kept his said contract, but has broken the same, to the damage," etc.

No demurrer was filed to the complaint.

Answer, that the contract was executed without consideration, in this, to wit: The deed mentioned in the complaint and contract, for the south half of the south-west quarter of section twelve, township seventy-four, range thirty-two, in Adair county, Iowa, was executed to appellee on the 24th day of March, 1858, and the payment for the same made by appellee, in full, on or before said 24th day of March, 1858. And appellant further averred the truth to be, that said writing was actually executed on the 27th day of March, 1858, and that the same was not given in pursuance of any previous agreement, but was purely voluntary.

Reply in denial.

Trial by jury. Verdict for appellee for three hundred and nine dollars and forty-four cents. Motion for a new trial overruled. Judgment, and appeal to this court. The evidence is in the record.

The appellee introduced the contract sued on. Also the deed from the appellant, Whitehall, and others, to the appellee, for the Iowa lands. Thereupon, Conner, the appellee, was sworn, and testified that said deed covered the Iowa land in question; was executed about the 24th day of March, 1858; that he had never seen said land; that he paid for it in real estate, at cash price; that he received the deed and the contract of guaranty on the 27th day of March, 1858, at McPherren's office, from McPherren; that they were written and signed on the 24th day of March, 1858; that he called on the appellee and demanded the fulfilment of his contract of guaranty; that about two years afterward he saw him again; that he talked favorably, except the last time, about four years ago; did not refuse then; can not say he understood him.

On cross-examination, he said the deed and contract

were delivered to him by McPherren, at Rob Roy, on the 27th day of March, 1858, in the morning; Mr. Mallory, defendant's attorney, rode out with witness, from Attica, on the day of the commissioner's sale, and stopped at McPherren's office, where the latter gave him the deed and guaranty in Mallory's presence.

The deposition of I. K. Valentine was next read in evidence:—Was an Iowa real estate agent, in Adair county, since 1856; is acquainted with the land described in the deed; is second and third rate land; no improvements on it in 1858; is about two hundred miles from any railroad, and one hundred from any navigable stream; was not worth more than one dollar and a quarter per acre; witness would not have given that.

The deposition of John Shreves followed:—Was acquainted with the value of unimproved land in Adair county, Iowa, in 1857 and 1858. The value of that described in the deed of Whitehall to Conner did not exceed three dollars an acre.

Robert Ewing, a witness, testified that he resided, in 1857 and 1858, in Adair county, Iowa; was acquainted with the value of unimproved land in that county in those years; was acquainted with the value of the land described in Whitehall's deed; was of the value of from two dollars to two dollars and a half an acre.

The appellee then offered to testify; "That in the negotiations for the trade between the parties, about a week before the date of the deed, the defendant said he would guarantee the Iowa land was worth four hundred and fifty dollars, and would give it to him in black and white."

The appellant objected, and the court refused to allow the testimony to go to the jury.

The evidence of the appellant was then given to the jury.

Whitehall, the appellant, testified, that his deed to Conner, for the Iowa land, was acknowledged on the 24th

of March, 1858, at McPherren's office, in Rob Roy, and he, witness, on that same day, delivered it to Conner, the grantee, at his, witness,' house; and, on the same day, delivered to him a horse and pair of mules, at the old Van Grundy farm, south of Rob Roy, where witness then lived. They were delivered on the trade. The contract on which the suit is brought was in the hand-writing of witness; it was written and signed on the 27th day of March, at the widow Conner's house, at the place and day of sale of the Conner land, and was delivered to appellee, Conner, on that day; there was no consideration for the written guaranty. Witness did not receive anything for giving it; did not give it to appellee in pursuance of any previous agreement; witness had bought of appellee three shares in the Conner lands, which were to be sold on the 27th day of March, 1858, by James Marquis, as commissioner; witness had paid him in full for the shares, before that day, in personal property and in the Iowa land deeded to him on the 24th day of March. Appellee came to the place of sale on horseback, on a horse witness had delivered to him on the trade, on the 24th of March. Mr. Mallory did not come with him; he came up from Covington, in the stage or hack. Appellee, Conner, was blustering at the place of sale in a violent manner, complaining that the horse he had received of witness on the trade was lame; an examination was had, and he became satisfied with the horse. He then complained about the land; said he did not believe it was worth as much as represented to be; appellee had agreed, in the trade, to give witness an order on the commissioner for the money for the shares in the place he had sold him; witness was afraid he would fly from his contract, and, to pacify him, witness wrote and gave him the instrument sued on; he did not then claim that witness had agreed to give such a guaranty.

On cross-examination, witness said:

Could not say upon what day the instrument of assign-

ment of shares in land, heretofore mentioned, was executed. It bore date, as appeared on examination, the 27th of March, 1858.

Pugh, Mallory and others confirmed the testimony, in part, of Whitehall.

Testimony was produced by the appellant, tending to show that the Iowa land was worth five dollars an acre and upwards.

Appellee, in rebutting, introduced witnesses who were permitted, over appellant's objection, to testify that appellant Whitehall did, before the trade for the Iowa land was accomplished, verbally assure Conner that said land was worth four hundred and fifty dollars, and that he would give it to him in black and white. This testimony was objected to as not rebutting any of appellant's evidence. Appellant had testified thus:

" There was no consideration for the written guaranty; I did not receive anything for giving it; did not give it to appellee in pursuance of any previous agreement."

And thus:

That at the time he gave appellee the written guaranty, the latter " did not claim that witness had agreed to give such a guaranty."

We think the evidence was rebutting and properly admitted.

On the weight of evidence, we can not disturb the finding and judgment below. We may here remark, that if the written instrument, improperly called a guaranty,—it being, in fact, in legal effect, if executed upon a consideration, a warranty that the Iowa land was worth four hundred and fifty dollars, and an agreement to make up the deficiency if it was not,—if this instrument evidences an agreement which was a part of the original transaction, and of the consideration on which the Iowa land was taken in the trade, the appellant may be liable upon it. Presumptively, it does. It bears the same date with the deed to the land, indicating the simultaneous execution

of the two instruments; but if it be shown that it was, in fact, executed afterwards, the facts that it was not dated the day of its execution, but antedated, so as to make its date correspond with that of the deed,—these facts, we say, would tend to prove that the agreement to give it was a part of the same transaction in which the deed was executed, and that it was antedated in order that it might express the fact.

As the only assignment of error is, that the court erred in refusing a new trial, and the only grounds urged in support of it are, the admission of the rebutting testimony above mentioned, and that the finding was not supported by the evidence, we need extend this opinion no further.

The judgment is affirmed, with costs.